Bradley J. Luck
Emma L. Mediak
GARLINGTON, LOHN & ROBINSON, PLLP
350 Ryman Street • P. O. Box 7909
Missoula, MT  59807-7909
Phone (406) 523-2500
Fax (406) 523-2595
bjluck@garlington.com
elmediak@garlington.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BIG SKY PROFESSIONAL BASEBALL, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ARCH INSURANCE COMPANY,<br><br>Defendant. | CV<br><br><br>COMPLAINT FOR DECLARATORY JUDGMENT AND DEMAND FOR JURY TRIAL |

Plaintiff Big Sky Professional Baseball, LLC ("BSPB"), by and through its counsel, Garlington, Lohn & Robinson, PLLP, for its Complaint for Declaratory Judgment, states and alleges as follows:

**NATURE OF THE ACTION**

1.    This is an action under Federal Rules of Civil Procedure 57 and 28

U.S.C. § 2201 for declaratory judgment. BSPB requests that this Court declare and determine that a duty to defend and indemnity BSPB for property damage at the baseball stadium and resulting economic loss exists under two policies issued by Defendant Arch Insurance Company ("Arch").

## PARTIES

2. Plaintiff, BSPB, is a limited liability company organized under and by virtue of the laws of the State of Montana and is in good standing.

3. Defendant, Arch, is an insurance company authorized to write insurance in Montana; it is a corporation organized under the laws of the State of Missouri, with its principal place of business is in Missouri. It is therefore a citizen of the State of Missouri.

## JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court under 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000 and the Plaintiff is a citizen of a different state than the Defendant.

5. Venue is proper in the United States District Court for Montana, Missoula Division. Arch issued the insurance policies to BSPB in Missoula, Montana, and the property damage at issue occurred in Missoula, Montana.

6. This Court has specific personal jurisdiction over the Defendant because the declaratory judgment action arises out of insurance policies issued in

Montana to a Montana legal entity.

## FACTUAL BACKGROUND

**The Two Insurance Policies**

7.   Arch issued Commercial General Liability insurance policy number SSCLG0016900 to Named Insured Big Sky Professional Baseball, LLC, for the policy year 10/26/2018-10/01/2019 ("CGL Policy").   A copy of the CGL Policy is attached hereto as Exhibit A.

8.   The CGL Policy identifies BSPB's "Business Description" as a "Minor League Baseball Team."  Ex. A-11.

9.   The CGL Policy provides coverage of $1,000,000 for damage to premises rented to BSPB.  Ex. A-12.

10.   The CGL Policy provides that Arch has a duty to defend BSPB.

11.   The CGL Policy schedule of premises which BSPB rented included the baseball field BSPB rented from the City of Missoula: 700 Cregg Lane, Missoula, MT 59807 ("Baseball Field").

12.   Arch also issued Commercial Output Program insurance policy number SSCMP0003400 to Named Insured Big Sky Professional Baseball, LLC, for the policy year 10/26/2018-10/01/2019 ("Lost Business Income Policy").  A copy of the Lost Business Income Policy is attached hereto as Exhibit B.

13.   The Lost Business Income Policy identifies BSPB's "Business

Description" as a "Minor League Baseball Team."  Ex. B-2.

14. The Location Schedule for the Loss Business Income Policy includes the baseball field BSPB rented from the City of Missoula: 700 Cregg Lane, Missoula, MT 59801.  Ex. B-70.

15. The Lost Business Income Policy provides Income Coverage for Earnings, Rents, and Extra Expense with a limit of $1,244,000 at the Baseball Field.  Ex. B-70.

**The Concert, Property Damage and Lost Business Income**

16. Logjam Presents, LLC, put on the Mumford Concert Production at the Baseball Field on August 11, 2019.

17. The Baseball Field playing surface was severely damaged in the Mumford Concert Production due, in part, to excessive water on the field caused by a rainstorm.

18. BSPB spent a significant amount of time assessing and estimating the damage to the playing surface at the Baseball field.

19. BSPB was forced to cancel six Missoula Osprey professional baseball games as a result of the damage to the playing surface at the Baseball Field.

20. BSPB incurred damages in the amount of $232,936.01 as a result of these six cancelled games.

21. The damage to the playing field, cancellation of games and

rescheduling negatively impacted the Missoula Osprey's ability to win or share the regular season title in their professional baseball league, thereby causing BSPB additional damages associated with the lost opportunity to participate in playoff games and related revenue.

22. BSPB also incurred damages repairing the playing surface of the Baseball Field.

23. The liability for the property damage at the Baseball Field and BSPB's damages is currently being litigated in *Big Sky Professional Baseball, LLC v. Logjam Presents, LLC, and the City of Missoula, Montana*, in Missoula District Court Cause No. DV-20-918 ("Underlying Action").

24. Logjam Presents, LLC, has filed a counterclaim against BSPB alleging negligence by BSPB caused the damage to the playing surface of the Baseball Field. A copy of the counterclaim filed in the Underlying Action is attached hereto as Exhibit C.

**Arch's Denials and Misrepresentations of Policy Terms**

25. BSPB's insurance agent provided notice of the occurrence to Arch on August 27, 2019.

26. BSPB made an insurance claim to Arch for both property damage and for lost business income on or about December 18, 2019.

27. BSPB provided additional information to Arch regarding its insurance

claim on January 3, 2020.

28. After failing to provide any decision for over three months, Arch eventually denied coverage for both the property damage and the lost business income.

29. In a letter dated March 2, 2020, Arch denied coverage for BSPB's lost business income. A copy of the letter is attached as Exhibit D.

30. Arch acknowledged that the Baseball Field at 700 Cregg Lane, Missoula, Montana, was an insured location. Ex. D-1.

31. Arch acknowledged that the damage to the playing surface of the Baseball Field was caused by rain, together with foot and vehicle traffic and the weight of the staging rigging during the concert. Ex. D-1.

32. Arch pointed to an exclusion for "land" as a basis for excluding coverage. Arch also claimed the concert was "land use" and pointed to an exclusion for perils associated with "land use" as a basis for excluding coverage. Ex. D-2.

33. The term "land" is not defined in the Lost Business Income Policy.

34. The term "land use" is not defined in the Loss Business Income Policy.

35. The term "land use" is found multiple times throughout the Lost Business Income Policy, appearing as part of the phrase "land use ordinance, law,

or decree" and the phrase "land use requirements."  Ex. B-29, 30, 58,

36. There is no allegation that the Mumford Concert violated any sort of ordinance, law, or decree.

37. In a letter dated March 23, 2020, Arch denied coverage for the property damage under the CGL Policy.  A copy of the letter is attached as Exhibit E.

38. Arch pointed to an exclusion for property leased to the named insured for more than seven days, exclusion j., as the basis for its exclusion.  Ex. E-2.  Arch also pointed to an exclusion for faulty workmanship, exclusion l., based on the allegation that BSPB improperly watered the field as the basis for its exclusion.  Ex. E-4, 5.

39. Arch misrepresented the terms of the CGL Policy in this March 23, 2020 denial letter.

40. The CGL Policy contains an endorsement which modifies both exclusion j. and exclusion l.   Pursuant to this endorsement, exclusion j. and l. do not apply to damage to premises rented to the insured caused by "water damage."  Ex. A-62.

41. BSPB, through counsel, obtained a complete copy of the CGL Policy and the Lost Business Income Policy to analyze coverage following Arch's denial.

42. BSPB, through counsel, sent a letter dated August 3, 2020 to Arch

detailing Arch's misrepresentation of policy terms.  BSPB also explained that the playing surface of Baseball Field did not constitute "land."  BSPB further explained why a baseball team which obtained a Lost Business Income policy with its Baseball Field as a scheduled location would reasonably expect coverage for lost business income in the event the Baseball Field playing surface became damaged.

43. Arch did not substantively respond to the letter of August 3, 2020.

44. BSPB, through counsel, sent a follow-up letter dated September 25, 2020 to Arch regarding Arch's denials and misrepresentation of policy terms and its failure to substantively respond to the letter of August 3, 2020.

45. Arch did not respond to the letter of September 25, 2020.

46. BSPB, through counsel, sent another follow-up letter dated October 6, 2020, to Arch regarding Arch's denials and misrepresentation of policy terms and its failure to substantively respond to the letter of August 3, 2020.

47. BSPB, through counsel, sent another follow-up letter dated November 30, 2020, to Arch regarding Arch's denials and misrepresentation of policy terms and its failure to substantively respond to the letter of August 3, 2020. BSPB also tendered the counterclaim filed by Logjam Presents, LLC, to Arch for defense.

48. To date, Arch has not substantively responded to BSPB's August 3, 2020 letter, nor the letters dated September 25, 2020, October 6, 2020 or

November 30, 2020.

**Count I:  Breach of Contract**

49. BSPB re-alleges and re-pleads the allegations in the above paragraphs as though set forth herein.

50. Arch and BSPB entered into the CGL Policy and the Lost Business Income Policy for the policy period which included August 11, 2019, when the Mumford Concert occurred.

51. BSPB paid all applicable premiums.

52. Arch breached the CGL Policy by failing to provide a defense to BSPB and failing to pay for the property damage to the playing surface of the Baseball Field as Arch contracted that it would do.

53. Arch breached the Lost Business Income Policy by failing to pay BSPB's property damage to the playing surface of the Baseball Field and BSPB's lost business income as Arch contracted that it would do.

54. BSPB has been damaged by Arch's breach of these two contracts.

**Count II:  UTPA Violations**

55. BSPB re-alleges and re-pleads the allegations in the above paragraphs as though set forth herein.

56. Arch has misrepresented pertinent facts and insurance policy provisions related to BSPB's insurance coverage and the claims at issue.

57. Arch has refused to pay BSPB's claims without conducting a reasonable investigation based upon all available information.

58. Arch has failed to affirm or deny coverage of BSPB's claims within a reasonable time.

59. Arch has failed to attempt in good faith to effectuate a prompt, fair and equitable resolution of BSPB's claims even though Arch's liability is reasonably clear.

60. Arch has violated Montana's Unfair Trade Practices Act, Montana Code Annotated §§ 33-18-201 and 242.

61. BSPB has suffered damages as a result of Arch's UTPA violations.

**Count III: Fraud (In the Alternative)**

62. BSPB re-alleges and re-pleads the allegations in the above paragraphs as though set forth herein.

63. By accepting premium for a lost business income policy from a baseball team for an insured location that is a baseball field, Arch represented to BSPB that the Lost Business Income policy would provide coverage to a baseball team for lost business income in the event of damage to the insured Baseball Field.

64. In the alternative, if this Court concludes that the Lost Business Income policy does not provide coverage for BSPB's lost business income, then Arch's representation was false.

65. Arch's representation was material. BSPB would not have purchased a Lost Business Income Policy with an insured location of the Baseball Field if BSPB knew that it would receive no lost business income coverage for damage to the Baseball Field.

66. Arch was aware at the time that it issued the Lost Business Income Policy for the insured location of the Baseball Field that it did not intend to pay any claim for lost business income for damage to the Baseball Field.

67. Arch intended that BSPB rely on this misrepresentation and pay a policy premium for lost business income for the insured location of the Baseball Field.

68. BSPB was ignorant of Arch's misrepresentation.

69. BSPB relied on, and had a right to rely upon, Arch's representation that it possessed lost business income insurance for its baseball team for lost income arising out of damage to its Baseball Field.

70. BSPB was damaged as a result of its reliance on Arch's misrepresentation because BSPB believed it possessed lost business income insurance for damage to its insured Baseball Field and it paid a policy premium for this insurance.

## DEMAND FOR JURY TRIAL

BSPB demands a trial by jury for all issues so triable.

## PRAYER FOR RELIEF

BSPB thus requests this Court to declare and determine its rights under the CGL Policy and the Lost Business Income Policy, and specifically declaring and entering a Judgment as follows:

A.	That Arch has a duty to defend BSPB against Logjam Present, LLC's allegations;

B.	That Arch has a duty to indemnify BSPB for the damage to the Baseball Field and BSPB's lost business income;

C.	That Arch is subject to exemplary damages for its violations of the UTPA;

D.	That Arch is obligated to pay BSPB's attorneys fees; and

E.	Any other and further relief as the Court deems just and proper.

DATED this 1st day of December, 2020.

                        /s/ Bradley J. Luck
                        Attorneys for Plaintiff